Hector TORRES–MARTINEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70932.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 24, 2006.

R.App. P. 34(a)(2).

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Richard M. Pence, Jr., U.S. Attorney's Office Assistant U.S. Attorney, Little Rock, AR, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

### MEMORANDUM **

Hector Torres–Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. The only harm petitioner's family experienced occurred in 1980 during the civil war and was based on the government's interest in petitioner's grandmother. Because petitioner's testimony only established that his family was victimized by the civil war, and does not show that they were persecuted based on an enumerated ground, he fails to establish past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017–18 (9th Cir.2003). Because petitioner's grandmother died in 1986, and the Peace Accords were signed in 1992, he fails to show that he has a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Substantial evidence also supports the IJ's conclusion that petitioner failed to show that it was more likely than not that he will be tortured if returned to El Salvador. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.